UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE THE APPLICATION OF PJSC NATIONAL BANK TRUST

REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Civ. No.

# *EX PARTE* APPLICATION OF PJSC NATIONAL BANK TRUST FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

1. Applicant PJSC National Bank Trust ("NBT"), by and through its counsel, hereby applies to the Court for an Order under 28 U.S.C. § 1782(a) granting it leave to issue subpoenas to J.P. Morgan Chase, N.A. ("JP Morgan"), Bank of New York Mellon ("BNY") and Citibank N.A. ("Citi") (collectively, the "NY Banks") requiring the production of information for use in foreign legal proceedings pending in Cyprus ("Foreign Proceedings").

2. NBT's request for discovery is based upon this Application, the concurrently filed "Memorandum of Law in Support of Application for Discovery," and the exhibits and declarations attached thereto. A proposed discovery Order and proposed subpoena are attached hereto as **Exhibits A and B**.

3. 28 U.S.C. § 1782 ("Section 1782") authorizes a federal district court to order discovery of documents and testimony for use in a foreign proceeding in the following circumstances:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before

1

a person appointed by the court. ... The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure

4. As set forth and explained in the memorandum filed herewith, the requirements of 28 U.S.C. § 1782 are satisfied in this case. Discovery is sought from the NY Banks, who reside in this District. The discovery is sought for use in foreign court proceedings pending in Cyprus. The applicant, NBT, is an interested party in that it is the plaintiff in the Foreign Proceedings.

5. As set forth and explained in the memorandum filed herewith, the factors enumerated in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) support allowing discovery pursuant to 28 U.S.C. § 1782. Specifically, the foreign jurisdiction at issue is receptive to the type of discovery sought by NBT, the discovery provides key information for the Foreign Proceedings, and the request is not made to circumvent any limitation on discovery imposed by the foreign court. Finally, the discovery request is narrowly tailored and is not unduly intrusive or burdensome.

6. NBT is a financial institution headquartered in Russia and owned by the Central Bank of Russia. NBT seeks transactional records from the NY Banks relating to a multi-billion dollar banking fraud perpetrated by two brothers, Dmitri and Alexei Ananyev. Among other things, NBT has alleged in the Foreign Proceedings that the Ananyev brothers caused financial institutions under their control to transfer large sums of money in purported loans to shell corporations tied to the brothers, and that the Ananyev brothers then used their control over these corporations to dissipate the transferred funds rather than repaying them. NBT is the assignee of these bad loans.

7. The Ananyev brothers are believed to have used a network of correspondent banks to carry out their fraudulent acts, including to make initial transfers of funds to putative bank customers in the form of loans, and to make subsequent transfers of funds from these entities to other entities or individuals associated with the brothers. The NY Banks are believed to have functioned as correspondent banks for some of the Ananyev brothers' fraudulent transfers. NBT accordingly seeks records from these banks to help it establish where funds were sent, at what times, and in what amounts.

8. The discovery NBT seeks will impose no significant burden on the NY Banks, and is similar to discovery authorized by a court in this district in favor of another PSB creditor pursuant to Section 1782 in 2018.[1] As was the case with that applicant, NBT satisfies all of the statutory and discretionary factors for obtaining discovery under Section 1782, and respectfully requests that its application be granted.

9. Accordingly, for the reasons set forth above, in the accompanying memorandum of law, and the exhibits and declarations in support, NBT respectfully moves this Court to issue an order granting the Application and authorizing the issuance of a subpoenas to the NY Banks in the form attached hereto as **Exhibit B**.

---

[1] See *In re Application of PV Group*, No. 1:18-mc-00376-JPO (S.D.N.Y. Aug. 21, 2018) (granting similar discovery from the NY Banks).

Dated: December 29, 2021

Respectfully submitted,

/s David R. Michaeli
Dennis H. Tracey, III
David R. Michaeli
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017
(212) 918-3000
dennis.tracey@hoganlovells.com
david.michaeli@hoganlovells.com

*Attorneys for Applicant PJSC National Bank Trust ("NBT")*