**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE THE APPLICATION OF PJSC NATIONAL BANK TRUST | : : : : | CASE NO.: 1:21-mc-00867-PKC |
| REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. §1782 | : : : | MARCH 17, 2022 |

**AMENDED MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO VACATE ORDER FOR DISCOVERY**

**I.      Introduction**

PJSC National Bank Trust ("NBT") is a banking institution organized under the laws of the Russian Federation with its principal place of business in Moscow, Russia. NBT operates as a bank charged by its 98% shareholder, the Central Bank of Russia to pursue recovery of non-performing loans and other assets on its own behalf as well as other Russian banks, including Bank Otkritie and Promsvyazbank ("PSB"). Bank Otkritie and PSB are both sanctioned entities as a result of the illegal and unjustified invasion of Ukraine by Russia and by its President and would be Tsar Vladimir Putin. The United States, the European Union and their allies have all imposed extensive sanctions against Russia. Those sanctions include sanctions against Bank Otkritie and PSB. See Exhibit A. The United States has also sanctioned the Central Bank of Russia. See Exhibit B. This discovery action purports to assist litigation in the Courts of Cypress. Cypress is a member of the European Union, which has also imposed significant sanction on Russian entities. Specifically, as to all European Union countries, "Transactions related to the management of reserves as well as of assets of the Central Bank of Russia, including transactions with any legal person, entity or body acting on behalf of, or at the direction of, the Central Bank of Russia, are prohibited." See Exhibit C.

1

As NBT itself admits in 2014, Otkritie Holdings acquired NBT as part of a Russian government bailout. Exhibit D, ¶ 17. On August 29, 2017, the Central Bank of Russia put Bank Otkritie into temporary administration and assumed control over it. Exhibit D, ¶ 232. On December 12, 2017, the Central Bank of Russia acquired a 99% stake in Bank Otkritie. Exhibit D, ¶ 241. In March 2018, the Central Bank of Russia assumed ownership of NBT. Exhibit D, ¶ 245. In March 2018, the Central Bank of Russia directed NBT to pursue recovery of non-performing loans for Bank Otkritie. NBT serves a similar role for Promsvyazbank ("PSB") which has also been nationalized by the Central Bank of Russia. Dkt. 3 at pp. 4-9.

The United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") has both the Bank Otkritie and PSB on its Special Designated Nationals and Blocked Persons List ("SDN") of sanctioned entities due to the current Russian invasion of Ukraine. The document attached hereto as Exhibit E, which is translated, shows the control persons of Bank Otkritie and NBT are the same. As Exhibit E demonstrates, more than half of the Board of Directors of Bank Otkritie is also on the Board of Directors of NBT. The Central Bank of Russia is also a sanctioned entity. Pursuant to the United States Department of Treasury Guidelines, NBT should also be on the SDN list, and may be soon, because it is acting as the collection agency for two blocked entities, Bank Otkritie and PSB, and because it litigates on their behalf in the United States and the European Union.

**II.    Argument**

    **A.    The Court Should Deny Discovery to NBT**

Pursuant to <u>Intel v. Advanced Micro Devices</u>, 542 U.S. 241, 264 (2004), a district court is not required to grant §1782 discovery. Here, the Court's order granting discovery was issued

before Russia's brutal invasion of Ukraine. For this reason alone, aside from U.S. sanctions, the Court would be fully justified in denying discovery.

In any event, here both the United States and European Union have imposed far more extensive sanctions. NBT is acting on behalf of PSB, a sanctioned and blocked entity. NBT is owned by the Central Bank of Russia, a sanctioned entity. NBT also regularly acts on behalf of Bank Otkritie, another blocked and sanctioned entity. Thus, discovery should be denied.

In any event, the second Intel factor concerns the nature of the foreign tribunal, the character of the proceeding abroad and the receptivity of the foreign court to U.S. judicial assistance. Here, the Cypress Court has already denied discovery and vacated a freezing order based upon NBT misconduct. See Exhibit F. More importantly, as set forth in Exhibit C, NBT is subject to the European Union sanctions. Thus, it would not be entitled to litigate in the Cypress Court.

The third factor includes the foreign policies of both Cypress and the United States. Both countries are imposing very strict sanctions on the Russian government and its instrumentalities such as NBT and in this case PSB which is actually funding the invasion of Ukraine. Here, the OFAC has determined to impose sanctions on Bank Otkritie, PSB and the Russian Central Bank. Courts defer to this type of decision. Islamic American Relief Agency v. Gonzales, 477 F.3d 728, 732 (D.C. Cir. 2007). This Court should not assist President Putin's murderous assault on Ukraine by any means whatsoever. Accordingly, the discovery order should be vacated.

This discovery action is being used by NBT to help the Russian Central Bank and PSB to fund the massacre of innocent Ukrainians. This Court should not assist the Russian government in this senseless slaughter.

**DMITRIY ANANYEV and
LIUDMILA ANANIEVA**

By:    /s/ *Jeffrey Hellman*
Jeffrey Hellman
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT  06510
Tel.:  (203) 691-8762
jeff@jeffhallmanlaw.com
Federal Bar No.:  ct4102

## CERTIFICATE OF SERVICE

      This is to certify that, on March 17, 2022, a copy of the forgoing was sent by operation of the Court's CM/ECF system to the following:

Dennis H. Tracey, III
David R. Michaeli
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
dennis.tracey@hoganlovells.com
david.michaeli@hoganlovells.com

                                                          By:    /s/ *Jeffrey Hellman*
                                                                   Jeffrey Hellman