UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE THE APPLICATION OF PJSC NATIONAL BANK TRUST

REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Civ. No. 1:21-mc-00867-PKC

## SECOND DECLARATION OF ANDREAS MICHAELIDES

I, Andreas Michaelides, hereby declare as follows:

1. I am a lawyer in good standing admitted to practice in the courts of Cyprus and I am a partner in the law firm Scordis, Papapetrou & Co LLC. I make this declaration in further support of the application submitted by PJSC National Bank Trust ("NBT") for discovery pursuant to 28 U.S.C. § 1782 and in opposition to the Motion to Vacate Order for Discovery filed by Dmitriy Ananyev and Liudmila Ananieva (the "Ananyevs"). I specifically respond to points raised in the March 11, 2022 Declaration of George Middleton filed by the Ananyevs in support of their motion.

2. The Ananevs state in their memorandum of law that "NBT is subject to the European Union sanctions" and thus "would not be entitled to litigate in the Cypress Court." ECF 12 at 3. Notably, the expert declaration on Cypriot law submitted by the Ananyevs in support of their motion does not mention either assertion. ECF 12-6. In any event, the Ananyevs are incorrect. EU Sanctions do not affect NBT's rights to pursue its claims in the courts of Cyprus in the three Pending Cypriot Actions.

3. NBT is a separate entity from Bank Otkritie and Promsvyazbank (PSB) which are sanctioned entities under the restrictive measures imposed by the European Union ("EU") in view

1

of Russia's actions in Ukraine. As I explained in my declaration dated 23 December 2021, NBT has filed and is pursuing its claims for fraud, embezzlement and other misconduct against the Ananyev Brothers and their wives in the three Pending Cypriot Actions, as assignee of the claims of PSB and as legal successor of Avtovazbank JSC. It does not, however, act or litigate on behalf of PSB or Bank Otkritie.

4. Furthermore, NBT is a separate entity from the Central Bank of Russia ("CBR") and is not acting on behalf of CBR. The EU Sanctions affecting CBR as set out in Council Regulation (EU) No 833/2014 of 31 July 2014 as amended, do not have the effect of denying NBT access to justice in the Cypriot courts or of preventing NBT from pursuing its claims in the three Pending Cypriot Actions, nor from using in the Cypriot Courts discovery obtained in the United States pursuant to these proceedings. The three Pending Cypriot Actions do not constitute prohibited transactions for the purposes of the abovementioned EU Regulation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: March 28, 2022

_____
Andreas Michaelides
Partner in the law firm Scordis, Papapetrou & Co LLC