UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE THE APPLICATION OF PJSC NATIONAL
BANK TRUST

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782

21-mc-00867 (PKC)

ORDER

CASTEL, Senior Judge:

PJSC National Bank Trust ("NBT") applied to this Court for an Order authorizing the conduct of discovery for use in a foreign proceeding pending in Cyprus.  28 U.S.C. §1782.   The Court granted the application on January 5, 2022. Dmitriy Ananyev and Liudmila Ananieva (the "Ananyevs") now move to vacate.

The Annayevs do not challenge that the mandatory factors for discovery under section 1782 are met.   Rather they argue that NBT is a Russian entity that should not be permitted to retain the discovery already produced to it or obtain further discovery by reason of the Russian invasion of Ukraine. The Court's Order permitting discovery for use in the Cyprus litigation was issued before the Russian invasion of Ukraine.

There is no claim that NBT is under any sanction issued by United States Department of the Treasury's Office of Foreign Assets Control ("OFAC").  The Ananyevs do assert that other Russian banking entities, including the Central Bank of Russia who is asserted to be a 98% shareholder of PSB, are under OFAC sanctions.  They note that on or about April 20, 2022, three individuals on the Supervisory Board of NBT were designated as Specially Designated Nationals by

1

OFAC.[1]

The Ananyevs assert that the Court should reassess the discretionary factors under Intel v. Advanced Micro Devices, 542 U.S. 241, 264 (2004) in light of subsequent events, vacate the Order providing for discovery and order the return of any discovery that was obtained pursuant to the Order. In seeking this relief, the Ananyevs rely upon the second and third Intel factors.

The second Intel factor weighs "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." Intel, 542 U.S. at 264. "[A] district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782." Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1100 (2d Cir. 1995)). The Ananyevs have not shown that a Court in Cyprus would reject evidence gathered pursuant to this Court's Order. There has been no showing that the subsequent sanctions imposed by the European Union ("EU") would extend to discovery that was obtained prior to the sanctions.[2]

The third Intel factor considers " 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.' " Intel, 542 U.S. at 265. Mees v. Buiter, 793 F.3d 291, 303 (2d Cir. 2015) has noted that this factor does "not 'authorize denial of discovery pursuant to § 1782 solely because such discovery is unavailable in the foreign court, but simply . . . allow[s] consideration of foreign discoverability (along with many other factors) when it might otherwise be relevant to the § 1782 application.' " 793 F.3d at 303 (quoting In re Application for an Order Permitting Metallgesellschaft AG to take

---

[1] Executive Order 14065.
[2] Cyprus is a member of the European Union. The sanctions Regulations are found as Council Regulation (EU) 2022/335 (Feb. 28, 2022.)

Discovery, 121 F.3d 77, 79 (2d Cir. 1997)).  The Annayevs assert that "The third factor includes the foreign policies of both Cypress and the United States." (Mem. at 3.)  While the "policies of a foreign country" do indeed have bearing on the third Intel factor, the Court is unable to conclude that an Order permitting a Russian entity to conduct discovery in aid of litigation in Cyprus should be vacated because the EU subsequently sanctioned NBT, coupled with the foreign policy of the United States that condemns the actions of the country in which NBT is organized.  To date, OFAC has not blocked NBT and its doubtful that any future blocking could be retroactively applied to documents already transmitted to a foreign country. Of course, nothing in this Order requires a Court in Cyprus to receive the documents for use in any proceedings.

The motion to vacate is DENIED without prejudice to any application made to the relevant judicial authorities in Cyprus.   The Clerk shall terminate the motions (Doc 17 & 18.) and close the matter.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
        August 31, 2022

3

4